**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES ROBERT SCOTT, | No. 2:25-cv-2277-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| DANIEL SMITH, et al., | and |
| Defendants. | FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

///

///

1

Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) Daniel Smith, a doctor at San Quentin Rehabilitation Center; and (2) "RAC," which Plaintiff defines as the "Reasonable Accommodation Committee" at the California Health Care Facility (CHCF). See ECF No. 1, pgs. 1-2.

Plaintiff contends that while housed at the San Quentin Rehabilitation Center, he suffered two strokes, the first in 2022 and the second in 2024. See id. at 3. According to Plaintiff, the strokes caused him to become "partial[ly] blind" and "parelyzed [sic] on [his] rightside." Id. Plaintiff contends that on several occasions beginning on June 15, 2024, Defendant RAC denied Plaintiff medical care. See id. at pgs. 3-5.

In his first claim, Plaintiff alleges he was "placed in a non-ADA room for months," where Plaintiff "tried to get a talking watch and Rosay Tablet" from Defendant Smith. Id. at 3. Plaintiff contends that Defendant Smith denied Plaintiff these accommodations because Plaintiff was able to "walk up & down stairs." Id. Plaintiff states that Defendant Smith's alleged denial has caused Plaintiff to be "[c]ontinuously in pain," "barely can see, right side is impaired greatly," and "hearing impaired." Id.

/ / /

2

In his second claim, Plaintiff alleges that, after his transfer to CHCF in June 2024, he has "not been able to use" his hearing aids because the prison has been out of stock of hearing aid batteries "for three weeks." Id. at 4. Plaintiff also alleges that he has been "fitted for some ADA shoes" but the shoes were too tight on his feet. Id.  Plaintiff also alleges that he had requested a "Rosey Tablet" due to his visual impairments, but his request "was denied by Reasonable Accommodation Committee due to the fraudulent report of Dr. Smith." Id. Plaintiff alleges that his sight has gotten worse as a result of the denial. See id.

The third claim re-alleges several facts asserted in the first and second claims and adds that the Plaintiff has not "been to occupational Therepy [sic] in Three months." Id. at 5. According to Plaintiff, "[d]eliberate indifference" towards Plaintiff caused Plaintiff's injuries to worsen. Id. Particularly, Plaintiff complains of "strain on [his] eyes, and feet," and difficulty moving his right hand. Id.

## II.  DISCUSSION

This Court finds that Plaintiff's claims are limited by Federal of Civil Procedure 20, which limits the joinder of parties in a single lawsuit.  Specifically, Plaintiff's claims against Defendant Smith arise out of a different set of facts to those supporting his claim against Defendant "RAC."  This Court also finds that Plaintiff's claims against Defendant RAC are defective subject to cure by amendment.

### A.     Misjoinder

Federal Rule of Civil Procedure 20(a) limits the joinder of parties in a single lawsuit. Rule 20 sets forth two specific requirements for permissive joinder: "(1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all parties must arise in the action." Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980) (citing League to Save Lake Tahoe, 558 F.2d at 917). As to the first requirement, courts assess the "'similarity in the factual background of a claim; claims that arise out of a systematic pattern of events' and have a 'very definite logical relationship.'"

3

Hubbard v. Hougland, 2010 WL 1416691, at *7 (E.D. Cal. Apr. 5, 2010) (quoting Bautista v. Los Angeles County, 216 F.3d 837, 842-843 (9th Cir. 2000)).  Additionally, "the mere fact that all [of a plaintiff's] claims arise under the same general law does not necessarily establish a common question of law or fact." Coughlin, 130 F.3d at 1351. As to the second requirement, "[t]he common question may be one of fact or of law and need not be the most important or predominant issue in the litigation." Johnson, 2013 WL 140115, at *2 (citing Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974)).

Where there is misjoinder, a court "has two remedial options: (1) misjoined parties may be dropped 'on such terms as are just'; or (2) any claims against misjoined parties 'may be severed and proceeded with separately.'" DirecTV, Inc. v. Leto, 467 F.3d 842, 845 (3d Cir. 2006); see, e.g., Gilmore v. Bauder, No. 1:19-CV-01229-NONE-SKO, 2021 WL 634731 at *3 (E.D. Cal. Feb. 18, 2021) (dismissing severed claims without prejudice). "When a court 'drops' a defendant under Rule 21, that defendant is dismissed from the case without prejudice." DirecTV, Inc., 467 F.3d at 845 (citing Publicker Indus., Inc. v. Roman Ceramics Corp., 603 F.2d 1065, 1068 (3d Cir. 1979)).

Plaintiff alleges that, while imprisoned at San Quentin Rehabilitation Center, Defendant Smith issued a "fraudulent report" denying Plaintiff certain medical accommodations. See ECF No. 1, pg. 4. Plaintiff also alleges that, while imprisoned at CHCF, Plaintiff's request for certain medical accommodations "was denied by the Reasonable Accommodation Committee due to the fraudulent report of Dr. Smith." Id.  Plaintiff has not asserted a right to relief against each defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences in accordance with Rule 20. Specifically, Plaintiff complains of separate events occurring at separate institutions at different times by different defendants. Therefore, the Court finds that there is a misjoinder and must either "drop" a defendant or sever the claims. For the reasons discussed below, the option to sever is unavailable because (1) Defendant RAC is not a proper party, and thus the claims against Defendant RAC cannot proceed separately; and (2) venue is improper as to Defendant Smith, and thus the claims against Defendant Smith cannot proceed separately in this Court but must be transferred to the United States District Court for the

4

Northern District of California.

**B.    Venue**

For cases such as this, which are based on federal question jurisdiction, the federal venue statute requires that the action be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.  See 28 U.S.C. § 1391(b).

Here, Plaintiff's claims against Defendant Smith arose at San Quentin State Prison, which is within the boundaries of the United States District Court for the Northern District of California. Therefore, the Court finds that this action most appropriately proceeds in that district. In the interest of justice, and consistent with the Court's authority to "drop" a misjoined defendant, the Court will recommend dismissal of Plaintiff's claim against Defendant Smith without prejudice to Plaintiff's ability to file a new action in the Northern District.

**C.    Claims Asserted Against Defendant RAC**

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

//

Plaintiff alleges that Defendant "RAC" denied him certain medical accommodations but does not identify a person that has subjected him to the deprivation of a constitutional right, within the meaning of § 1983. Because Plaintiff has not established a causal connection between a named defendant and a violation of his constitutional rights, Plaintiff's claims against Defendant RAC are insufficient. The Court will provide Plaintiff the opportunity to amend his claims in an amended complaint.

### III. CONCLUSION

Because it is possible that some of the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).

6

See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Based on the foregoing, the undersigned orders and recommends as follows:

1. It is ORDERED that the Clerk of the Court is directed to randomly assign a District Judge to this case.

2. It is ORDERED that Plaintiff's complaint in this action, ECF No. 1, as against Defendant "RAC" is dismissed with leave to amend.

3. It is ORDERED that Plaintiff shall file a first amended complaint as to his claims arising at CHCF within 30 days of the date of this order.

4. It is RECOMMENDED that Plaintiff's claims against Defendant Smith as asserted in this action be dismissed without prejudice to Plaintiff's ability to assert such claims in a new action filed in the United Staes Distrct Court for the Northern District of California, and that Defendant Smith be terminated as a party to this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

**Dated:  March 20, 2026**

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE